**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALISSA AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-3341 |
| v. | ) | |
| | ) | Judge Jeremy C. Daniel |
| APPRAISAL INSTITUTE, an Illinois not-for-profit corporation, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT APPRAISAL INSTITUTE'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff, Alissa Akins, claims in her Complaint that Defendant Appraisal Institute terminated her employment in retaliation for her identification of alleged instances of inaccurate reporting of scoring on examinations taken by prospective and existing real estate appraisers. Ms. Akins litters her Complaint with the word "fraud," or "fraudulent," to describe her former employer's actions, suggesting that Appraisal Institute intentionally made material misrepresentations to individuals and regulators for its own gain. The Appraisal Institute categorically and whole-heartedly denies that it has at any time engaged in fraudulent or retaliatory conduct, and to the extent this litigation proceeds, Appraisal Institute maintains that facts adduced in discovery will support those denials. That said, Plaintiff's Complaint is deficient in several respects and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, as discussed in detail below:

- The lack of clarity or specificity with respect to Plaintiff's allegations of fraud warrants dismissal of the Complaint in its entirety under Federal Rule of Civil Procedure 9(b).

- Count II of Plaintiff's Complaint, alleging retaliatory discharge under Illinois' common law should be dismissed because Plaintiff has failed to identify any clear mandate of public policy violated by her termination.

For the reasons stated below, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, *with prejudice*, and without leave to amend.

I. **BACKGROUND**[1]

    a. **Plaintiff's Claims and Allegations in Support.**

Alissa Akins began working for Appraisal Institute ("AI") in February of 2024 as its Director of Education and Publications. (ECF No. 1, ¶22). In her Complaint, Plaintiff alleges that the Appraisal Institute terminated her employment in December of 2024 in violation of the Illinois Whistleblower Act (ECF No. 1, ¶45) and Illinois common law (*Id.* at ¶54). More specifically, Plaintiff asserts that at some time between February and October of 2024, she and her team discovered certain potential errors in scoring or reporting of scores on appraiser exams administered by AI. (*Id.* at ¶¶ 24-29). Further, Plaintiff suggests in her Complaint that AI had purportedly known about some of the errors for several years but, as far as Plaintiff's investigation uncovered, had never done anything to address the apparent errors. (*Id.* at ¶3).

Akins claims that she reported the issues allegedly uncovered by her investigation— issues that she characterizes as fraudulent (*Id.* at ¶¶1, 3, 30, 43-45, 49, 52-54).—to AI's Interim

---

[1] Any "facts" set forth in this Motion are taken from the Complaint and are accepted as true for purposes of this Motion only. Defendant does not concede the accuracy or truth of any of the allegations in the Complaint.

CEO John Udelhofen and then-President of AI's Board of Directors Sandra Adomatis, on or about October 15, 2024. (*Id.* at ¶¶ 30-31). Akins further alleges that on October 29, 2024 she asked Udelhofen to remove her signature from student course completion certificate because "she did not feel comfortable attesting that the certificates were accurate." (*Id.* at ¶33). Thereafter, on October 30, 2024, according to Akins, Udelhofen sent her a text message indicating that he was working on a separation package "to help [Akins] get out with some runway." (*Id.* at ¶¶35-37). AI terminated Plaintiff's employment on December 10, 2024. (*Id.* at ¶40).

According to Plaintiff, it was her refusal to engage in and/or her internal reporting of what she claims to have believed was unlawful and/or fraudulent activity that prompted AI to terminate her employment. (*Id.* at ¶¶ 44-45, 52-54).

      b.     **FIRREA and Illinois' Regulation of Appraiser Educators.**

As Plaintiff notes in her Complaint, the Appraiser Qualifications Board ("AQB"), pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), establishes minimum education, experience, and examination requirements for real property appraisers to obtain and maintain their state license or certification, on which individual states then base their requirements for appraiser licensing. (*Id.* at ¶9). Congress enacted FIRREA to ensure that "real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with uniform standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision." 12 U.S.C. §3331.

In Illinois, appraiser licensing and qualifications are governed under the Real Estate Appraiser Licensing Act of 2002. 225 Ill. Comp. Stat. §458/1-5, et seq. ("IREALA"). The

legislature's intent in enacting IREALA was to be "consistent with the provisions of Title XI of [FIRREA]" and to "evaluate the competency of persons engaged in the appraisal of real estate and to license and regulate those persons for the protection of the public." *Id.*

II. **PLAINTIFF'S COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND SHOULD THEREFORE BE DISMISSED PURSUANT TO FRCP 12(b)(6).**

   a. **Legal Standard for 12(b)(6) Motions**

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain allegations that 'state a claim to relief that is plausible on its face.'" *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665 (7th Cir. 2013), quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In other words, a "complaint must contain allegations plausibly suggesting . . . an entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Callahan v. The Proctor & Gamble Company*, Case No. 23 CV 2072, 2024 WL 2892838, *1 (N.D. Ill. Jun. 10, 2024). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,*. at 558. And while plaintiffs need not plead around defenses, "when it is clear from the face of the complaint and matters of which the court may take judicial notice that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Parungao v. Community Health Systems, Inc.*, 858 F.3d 452, 457 (7th Cir. 2017), *citing*, *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

   b. **Plaintiff's Allegations, Even If True, Are Inadequate to Allege Fraud.**

Rule 9(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Courts in the Seventh Circuit, including this Court, have long held that a claim that is premised on a course of fraudulent action—i.e., that "sounds in fraud,"—is subject

to Rule 9(b)'s heightened pleading standard. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Lavin v. Reed*, Case No. 17 CV 1014, 2023 WL 7182950, *7 (N.D. Ill. 2023) (Slip copy). To satisfy that standard, a plaintiff averring fraud "must allege the 'who, what, when, where, and how' of the alleged fraud." *Callahan,* 2024 WL 2892838, at *2, *citing Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019). Required elements of a common law fraud claim under Illinois law include: "1) a false statement of material fact; 2) knowledge or belief by the maker of that statement that the statement was false; 3) an intent to induce reliance on the statement; 4) reasonable reliance upon the truth of the statement; and 5) damages resulting from the reliance." *See, e.g., Petrakopoulou v. DHR International, Inc.*, 590 F.Supp.2d 1013, 1016 (N.D. Ill. 2008), (1992), *citing Lagen v. Balcor Co.,* 274 Ill. App. 3d 11 (1995). *See also, Chow v. Aegis Mortgage Corporation*, 185 F.Supp.2d 914, 917 (N.D. Ill. 2002) *citing Duran v. Leslie Oldsmobile,* 229 Ill. App. 3d 1032*.*

Here, Plaintiff peppers her Complaint with allegations of fraud, but falls short of Rule 9(b)'s requirements. Rather, Plaintiff alleges generally (although vehemently, as she includes the word "fraud" or "fraudulent" 15 times in the space of eight (8) pages) that AI misreported information regarding test results to state regulators and individuals who paid for and completed coursework (including tests) through AI's programs and then calls it "fraud." And while under Rule 9(b) Plaintiff may allege knowledge or intent generally, Plaintiff does not allege it at all. At best, Plaintiff claims that she informed AI's interim CEO and then-Board President of her findings indicating the possibility of past errors. But there is no allegation in Plaintiff's Complaint even suggesting that those individuals or anyone at AI knew of errors, if any, at the time test results were originally reported (i.e., at the time the allegedly false statements were

made). Rather, according to the Complaint, Plaintiff reported the alleged errors well after the fact.

Likewise, Plaintiff fails to include any allegations that anyone was damaged because of purported reliance on errors, if any, that Defendant may have reported to "[c]onsumers or state agencies." Without those allegations, Plaintiff has failed to plead all required elements of her fraud claims as required under Rule 9(b).

The heightened pleading standard under Rule 9(b) "is a response to the 'great harm to the reputation of a business firm or other enterprise a fraud claim can do.'" *Borsellino*, 477 F.3d at 507. As both Counts in Plaintiff's Complaint are premised on alleged fraud by Defendant, Plaintiff was required to plead fraud under the Rule 9(b) standard. Plaintiff's Complaint fails to meet the heightened standard, and should be dismissed in its entirety.

    **c.    Plaintiff's Common Law Claim Should Be Dismissed Because Plaintiff Has Failed to Allege Any Clear Mandate of Public Policy.**

Even if this Court finds that Plaintiff has adequately pled fraud as required under Rule 9(b), her common law retaliatory discharge claim should be dismissed, *with prejudice*, for the further reason that she has failed to allege any clear mandate of Illinois public policy.

The Illinois Supreme Court recognizes a limited and narrow exception to the general rule of at-will employment for the tort of retaliatory discharge. To state a valid retaliatory discharge cause of action, a plaintiff must allege that (1) the employer discharged the employee, (2) in retaliation for the employee's activities, and (3) that the discharge violates a clear mandate of public policy. *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 500, 506 (2009) (citations omitted).

The scope of a retaliatory discharge action is very narrow and the ascertainment of whether a public policy exists is a question for the court. 233 Ill. 2d at 501, 911 N.E.2d at 374. To support

a retaliatory discharge tort, the public policy at issue "must strike at the heart of a citizen's social rights, duties, and responsibilities" and "is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions." *Turner*, 233 Ill. 2d at 500-501, 911 N.E.2d at 374 (quoting *Palmateer v. Int'l Harvester Co.*, 85 Ill. 2d 124, 421 N.E.2d 876 (1981)).

As the Illinois Supreme Court explained in *Turner*:

> In a common law retaliatory discharge action, the requirement of a 'clearly mandated public policy' is essential because, in its absence, [an employer] retains the right to fire noncontractual employees at will. Adherence to a narrow definition of public policy, as an element of a retaliatory discharge action, maintains the balance among the recognized interests.

233 Ill. 2d at 507, 911 N.E.2d at 378 (internal citations omitted).

"[M]erely stating a . . . statutory provision is not enough." *Leweling v. Schnadig Corp.*, 276 Ill. App. 3d 890, 894 (1st Dist. 1995). Plaintiffs claiming common law retaliatory discharge must identify a "specific" expression of public policy to overcome the presumption of at-will employment. *Turner*, 233 Ill. 2d at 503, 911 N.E.2d at 376. "Unless the employee identifies a clear mandate of public policy that is violated by the employer's discharge, the complaint will not state a cause of action for retaliatory discharge." *Turner*, 233 Ill. 2d at 503, 911 N.E.2d at 376; *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 510, 568 N.E.2d 870 (1991).

Plaintiff alleges generally that "AI's termination of [her] employment violated a clear mandate of public policy." But Plaintiff fails to even suggest, let alone identify, what public policy she believes AI violated. The only statute or other law cited by Plaintiff in her Complaint is FIRREA. But as the Illinois Supreme Court has held, merely describing FIRREA is not enough. Count II of Plaintiff's Complaint may be dismissed for this reason alone.

Even assuming that Plaintiff intends to use FIRREA to support her retaliatory discharge claim, Count II may be dismissed—*with prejudice*—for the further reason that FIRREA does not

embody a "clear mandate of public policy." FIRREA's purpose, to ensure that real estate appraisals are performed and conducted according to uniform standards by individuals who are competent to perform them, is not the kind of purpose that "strike[s] the heart of a citizen's social rights, duties, and responsibilities." Likewise, to the extent that Plaintiff alludes to Illinois' law, the Illinois legislature enacted IREALA for a similar purpose. *See* 225 Ill. Comp. Stat. §458/1-5, et seq.. *See also, Patel v. Zillow, Inc.*, No. 17-CV-4008, 2017 WL 3620812, at *9 (N.D. Ill. Aug. 23, 2017), *aff'd,* 915 F.3d 446 (7th Cir. 2019) ("IREALA is a statute regulating a profession, not a statute protecting property rights.")

Illinois courts have generally found that "public policies associated with social and economic regulation are less likely to be held sufficient to support a claim for retaliatory discharge." *Id.* Real estate appraisals serve an important policy function in protecting consumers, and regulation of the appraisal profession is important to that function. But at bottom, FIRREA does not serve a comparable purpose to, for example, statutes designed to protect citizens from the hazards of radioactive materials, occupational health and safety laws, or laws requiring the payment of federal and state income taxes. *Wheeler v. Caterpillar Tractor Co.*, 108 Ill. 2d 502 (1985); *Sherman v. Kraft General Foods, Inc.*, 272 Ill.App.3d 833 (1995); *Russ v. Pension Consultants Co.*, 182 Ill.App.3d 769 (1989).

Courts do not appear to have specifically addressed whether FIRREA (or IREALA) embody a clear mandate of Illinois public policy. Defendant respectfully submits, however, that the laws regulating the appraisal profession serve an important, but largely economic, purpose that impacts the rights of individuals rather "the citizens of Illinois collectively." *Palmateer v. International Harvester Company*, 85 Ill. 2d 124, 128. Those laws should not, therefore, be used to broaden the intentionally narrow cause of action for common law retaliatory discharge. Count

II of Plaintiff's Complaint should therefore be dismissed, *with prejudice*, and without leave to amend.

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, including dismissal of Count II *with prejudice* and without leave to amend.

Dated: May 2, 2025            Respectfully submitted,

                                         APPRAISAL INSTITUTE

                                         By:     s/*Becky L. Kalas*
                                                     Attorney for Defendant
                                                     Becky L. Kalas
                                                     IL ARDC #: 6279983

Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

## CERTIFICATE OF SERVICE

       I hereby certify that on May 2, 2025, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** herein with the Clerk of the United States District Court, Eastern Division of Illinois using the CM/ECF e-filing system.

       /s/*Becky L. Kalas*
       Becky L. Kalas
       Counsel for Appraisal Institute

Becky L. Kalas
bkalas@fordharrison.com
FORD & HARRISON LLP
180 N. Stetson Ave., Suite 1660
Chicago, IL 60601
Phone: (312) 332-0777
Fax: (312) 332-6130